**STATE of Alaska, Petitioner,**

v.

**Ronnie MORENO, Respondent.**

No. A–9148.

Court of Appeals of Alaska.

Dec. 8, 2006.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Petitioner.

John M. Murtagh, Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In 2004, Ronnie Moreno was convicted of two counts of first-degree sexual abuse of a minor.[1] As a first felony offender, Moreno faced an 8–year presumptive term of imprisonment under the pre-March 2005 version of Alaska's presumptive sentencing law.[2] The State proposed no aggravating factors. Accordingly, Moreno would apparently have received the specified 8–year term of imprisonment on each count. But rather than sentence Moreno, the superior court ruled that Alaska's entire pre–2005 presumptive sentencing law was unconstitutional.

---

1. AS 11.41.434(a)(1).

2. Former AS 12.55.125(i)(1) (Moreno was convicted under the pre-September 2003 version).

Superior Court Judge Philip R. Volland noted (correctly) that the procedures specified in the presumptive law for adjudicating aggravating factors violated the right to jury trial announced in *Blakely v. Washington*.[3] Judge Volland then ruled that these procedures were so crucial to the overall functioning of presumptive sentencing that they could not be severed or amended by judicial decision, and that the presumptive sentencing law as a whole had to be struck down. Accordingly, the court announced its intention to sentence Moreno as if the presumptive sentencing law did not exist-with indeterminate sentencing within the range of imprisonment specified by the legislature for first-degree sexual abuse of a minor (Moreno's misconduct occurred in 1998, when the sentencing range for first-degree sexual abuse of a minor was 0 to 30 years[4]).

The State has petitioned us to review the superior court's decision.

■ It is true that Alaska's pre–2005 presumptive sentencing law violated the Sixth Amendment right to jury trial recognized in *Blakely* because, under that law, aggravating factors (i.e., factors authorizing the superior court to impose a higher maximum sentence) were litigated to the sentencing judge under a "clear and convincing evidence" standard,[5] rather than to a jury under a "beyond a reasonable doubt" standard.

Nevertheless, we conclude that these constitutionally flawed procedures can be replaced by jury trial procedures that conform to the requirements of *Blakely* without destroying the essential functioning and purpose of Alaska's presumptive sentencing scheme. We therefore reverse the superior court and uphold the overall constitutionality of Alaska's pre-March 2005 presumptive sentencing law.

■ When portions of a statute or particular applications of a statute are unconstitutional, the courts must decide whether the invalid portions or applications may be severed from the operation of the statute (thus allowing the valid portions to remain in effect), or whether the statute should be declared unconstitutional as a whole.[6]

■ The Alaska Statutes contain a general severability clause, AS 01.10.030, that is designed to "preserve to as great an extent as possible all valid portions of enactments by the Alaska State Legislature."[7] This statute reads:

> Any law . . . enacted by the Alaska legislature which lacks a severability clause shall be construed as though it contained the clause in the following language: "If any provision of this Act, or the application thereof to any person or circumstance is held invalid, the remainder of this Act and the application to other persons or circumstances shall not be affected thereby."

With this rule in mind, we examine Alaska's pre-March 2005 presumptive sentencing law.

The manner in which aggravating factors are litigated under the pre–2005 law does not conform to *Blakely*. But the essential functioning of the presumptive sentencing law is not defeated when aggravating factors are litigated to a jury under a "beyond a reasonable doubt" standard. Indeed, when the Alaska legislature amended the presumptive sentencing law in the spring of 2005 to bring it into conformity with *Blakely*, the legislature did not return to indeterminate sentencing (which existed before the enactment of presumptive sentencing). Rather, the legislature retained the basic framework of presumptive sentencing, including the same scheme of aggravating factors and mitigating factors—but with the proviso that many of these aggravating factors are to be litigated to a jury and proved beyond a reasonable doubt. *See* AS 12.55.155(f).

---

**3.** 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**4.** Former AS 12.55.125(I) (pre-September 2003 version).

**5.** Former AS 12.55.155(f) (pre-March 2005 version).

**6.** *See, e.g., Sonneman v. Hickel*, 836 P.2d 936, 940 (Alaska 1992).

**7.** *Lynden Transp., Inc. v. State*, 532 P.2d 700, 711 (Alaska 1975). This intent is "bolstered by the rule of interpretation that statutes should be construed if reasonably possible so as to avoid a conclusion that they are unconstitutional." *Sonneman*, 836 P.2d at 940.

When the legislature enacted this amended version of the presumptive sentencing law, it declared that its purpose was "to preserve the basic structure of Alaska's presumptive sentencing system [and to] avoid disparate sentences."[8] The legislature has clearly indicated that it believes these goals are best achieved not by throwing out presumptive sentencing, but by altering the pre–2005 sentencing procedures to incorporate the right to jury trial announced in *Blakely*.

When the superior court decided Moreno's case, this court had yet to issue many of our decisions clarifying the effect of *Blakely* on Alaska's presumptive sentencing laws. In particular, this court had not issued *Cleveland v. State*,[9] in which we explained how Alaska's pre–2005 law differed in crucial ways from the types of presumptive sentencing laws at issue in *Blakely* and in *United States v. Booker*.[10] Nor had we issued our decision in *State v. Dague*,[11] in which we held that aggravating factors need not be charged in the indictment, and in which we addressed many of the potential constitutional objections to having a second jury trial to resolve aggravating factors that were not originally proved in conformity with *Blakely*.

Thus, even though the constitutional difficulties posed by the pre–2005 presumptive sentencing law may have appeared insurmountable in late 2004 when the superior court issued its ruling in Moreno's case, the legal situation looks much different today.

■ It is now clear that there are many situations in which Alaska's pre-March 2005 presumptive sentencing law can be applied without violating *Blakely*. The *Blakely* right to jury trial does not apply to aggravating factors that are based on the defendant's prior convictions, nor does it apply to aggravating factors that flow directly from the trial jury's verdicts, nor does it apply to aggravating factors that are expressly conceded by the defendant.[12] And, as we explained in *Cleveland*, the proof of a single *Blakely*-compliant aggravating factor was sufficient under the former law to authorize the superior court to exceed the presumptive term of imprisonment for that offense.[13]

Moreover, in cases where there is no *Blakely*-compliant aggravating factor, and *Blakely* requires that a jury trial be held on the State's proposed aggravators, a jury trial on the aggravators is a permissible procedure.[14] And, as explained above, the Alaska legislature endorsed this same procedure when it enacted the current version of presumptive sentencing.

Moreno argues that the concept of "severability" does not allow a court to fashion a remedial procedure or interpretation to cure the constitutional infirmity in a statute. Rather, Moreno argues, "severability" is limited to the subtraction of the offending statutory provisions or applications, and then dealing with whatever remains. In the present case, Moreno argues that "what remains" is a presumptive sentencing scheme that has no valid procedure for proving aggravating factors—which, in Moreno's view, means that we must decide whether the legislature would still want presumptive sentencing if no aggravating factors could ever be proved.

We disagree. It is within our judicial authority to alter litigation procedures to ensure that they conform to constitutional guarantees. In particular, it is within our authority to order that defendants receive a jury trial on proposed aggravating factors that are not *Blakely*-compliant.

The Alaska Supreme Court faced a similar situation in *R.L.R. v. State*.[15] At the time of the *R.L.R.* litigation, former AS 47.10.070 specified that all juvenile delinquency proceedings in Alaska were to be adjudicated by

---

**8.** Ch. 2, § 1, SLA 2005.

**9.** 143 P.3d 977 (Alaska App.2006).

**10.** 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

**11.** 143 P.3d 988 (Alaska App.2006).

**12.** *Cleveland,* 143 P.3d at 981–83.

**13.** *Id.* at 988.

**14.** *Dague,* 143 P.3d at 1010–14.

**15.** 487 P.2d 27 (Alaska 1971).

a judge sitting without a jury.[16] In *R.L.R.*, the Alaska Supreme Court held that, under the due process and equal protection guarantees of the Alaska Constitution, the right to jury trial guaranteed by Article I, Section 11 of the Alaska Constitution had to be extended to juveniles who are charged with acts of delinquency that would constitute jailable criminal offenses if committed by an adult.[17] That is, former AS 47.10.070 was unconstitutional to the extent that it specified trial by judge.

Under Moreno's view of "severability," the supreme court should then have declared the entire juvenile delinquency law unconstitutional, and should have enjoined all delinquency trials until the legislature redrafted AS 47.10 to conform to the supreme court's expansion of the right to jury trial. But, of course, that did not happen. Instead, AS 47.10 remained in force, and delinquency trials continued—but with the juveniles now receiving their constitutionally mandated trial by jury.

This same principle applies to the present case. Under *Blakely*, the defendants who faced sentencing under the pre-March 2005 version of Alaska's presumptive sentencing law were entitled to trial by jury with respect to many of the aggravating factors listed in AS 12.55.155(c). The solution, however, is not to jettison presumptive sentencing. Rather, the solution is to give these defendants the jury trial to which they are constitutionally entitled.

For this reason, we reject the superior court's conclusion that the pre–2005 presumptive sentencing law is irremediably flawed. We uphold the pre–2005 law—with the proviso that defendants must receive a jury trial on aggravating factors if mandated by *Blakely*.

The ruling of the superior court—that Alaska's pre-March 2005 presumptive sentencing law is unconstitutional, and that indeterminate sentencing must be reinstated for all pre-March 2005 offenses—is REVERSED. The superior court shall sentence Moreno in accordance with the pre–

2005 presumptive sentencing law, modifying any procedures as necessary to comply with *Blakely*.

---

**16.** The statute read, in pertinent part: "All hearings under this chapter are without a jury...." *See R.L.R.*, 487 P.2d at 29 n. 1.

**17.** *R.L.R.*, 487 P.2d at 32–33.